## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

MARY COLEEN CASSIDY,

      Plaintiff,

      v.

MEDICAL DIAGNOSTIC
LABORATORIES, LLC,

      Defendant.

No. 18-00874-CV- NKL

## ORDER

Defendant Medical Diagnostic Laboratories, LLC moves to dismiss for failure to state a claim upon which relief can be granted Counts III and IV of plaintiff Mary Coleen Cassidy's petition for damages. The motion to dismiss, which is unopposed, is granted for the reasons discussed below.

## I.   RELEVANT BACKGROUND

Cassidy is a resident of Missouri.  Petition (Doc. 1-1), ¶ 1.  She alleges that she worked for Medical Diagnostic as an account manager responsible for accounts in Kansas, Missouri, and, later, Oklahoma. *Id.*, ¶¶ 22, 24.  Medical Diagnostic is headquartered in New Jersey. Doc. 4, p. 4; *see also* Petition, ¶ 2.  However, Cassidy does not allege that she ever worked in New Jersey. *See, generally,* Petition.  Nonetheless, Cassidy has asserted claims for age discrimination and retaliation under not only the federal Age Discrimination in Employment Act, but also under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* ("NJLAD"). *See* Petition, ¶¶ 85, 89.  Medical Diagnostic seeks dismissal of the NJLAD claims.

## II.  **DISCUSSION**

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a pleading for failure to state a claim upon which relief can be granted.  As a matter of law, Cassidy has failed to state a claim under the New Jersey law she invokes.

"New Jersey courts have consistently applied the law of the *state of employment* to claims of workplace discrimination, and therefore only apply the NJLAD if the claimant was employed in New Jersey."  *Peikin v. Kimmel & Silverman, P.C.*, 576 F. Supp. 2d 654, 657 (D.N.J. 2008) (quotation marks and citation omitted) (holding that NJLAD did not apply to Pennsylvania resident employed by a Pennsylvania company with a New Jersey office, despite the fact that she spent four out of five days each week in New Jersey and her work centered on New Jersey clients and cases 90% of the time); *Satz v. Taipina*, No. 01-5921, 2003 WL 22207205, at *1, *18 (D.N.J. Apr. 15, 2003) (concluding that Pennsylvania resident who worked "exclusively" in Pennsylvania and Delaware "may not assert the NJLAD against defendants," despite the fact that defendants had offices in New Jersey, "because plaintiff was not employed in New Jersey as required by New Jersey law"), *aff'd*, 122 F. App'x 598 (3d Cir. 2005); *Buccilli v. Timby, Brown & Timbly*, 660 A.2d 1261, 1263 (N.J. App. Div. 1995) (holding that New Jersey substantive law did not govern plaintiff's employment because she "worked exclusively" in Pennsylvania and "the conduct which she alleges was unlawful occurred there").

Because Plaintiff has not alleged that she worked in New Jersey, she fails to state a claim for relief under the NJLAD.

### III.     CONCLUSION

For the reasons discussed above, Defendant's unopposed motion to dismiss the NJLAD claims is granted.  Claims III and IV are dismissed without prejudice.


/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  November 29, 2018
Jefferson City, Missouri